**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mack Industries, LTD, | ) | |
| | ) | No. 17 B 09308 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Ronald R. Peterson, as Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 A 00154, *et al.*[1] |
| | ) | |
| Elia Sanches, *et al.*[2] | ) | |
| | ) | |
| Defendant. | ) | Judge Carol Doyle |

**MEMORANDUM OPINION**

Chapter 7 trustee Ronald Peterson filed motions to disqualify attorney David Lloyd from

representing defendants in adversary proceedings in which Lloyd has been retained as defense

counsel.  Each adversary complaint seeks to avoid and recover transfers that the trustee alleges

are preferential and fraudulent under the Bankruptcy Code and Illinois law.  The trustee argues

that Lloyd cannot represent any defendants in these adversary proceedings because he

represented one debtor, Mack Industries, Ltd. ("Mack"), for a few days before it consented to

appointment of a chapter 11 trustee, and he then represented both Mack and another debtor, Oak

---

[1] See Exhibit 1 for complete list of case numbers.

[2] See Exhibit 1 for complete list of Defendants.

1

Park Avenue Realty, Ltd. ("Oak Park"), while they were chapter 7 debtors.  The trustee contends

that, as counsel for a chapter 7 debtor, Lloyd owes a statutory duty and a duty of loyalty to the

bankruptcy estate that prevents him from opposing the trustee or the estate.

This is not correct.  Lloyd owes no direct duty to the trustee or the estate.  Instead he owes

a duty to his clients - two debtors - to assist them in performing their statutory duties under the

Bankruptcy Code.  Lloyd's duty to assist the debtors in their statutory duties, however, could

come into conflict with his duty to his clients in the adversary proceedings.  To eliminate this

potential conflict, Lloyd has agreed to withdraw from his representation of the debtors so there is

no potential conflict between concurrent clients.

The trustee also agues that, even if Lloyd withdraws from representing the debtors, he

cannot represent the adversary defendants because that representation is substantially related to

his former representation of the debtors and is therefore prohibited under the court's rules of

professional conduct.  This is also incorrect.  The trustee relies on an outmoded standard

regarding former clients.  Lloyd is not violating the applicable standard.  He is free to represent

the defendants in the adversary proceedings once he withdraws from representing Mack and Oak

Park.  The trustee's motions will be denied.


1.    Background

Mack filed a chapter 11 case on March 24, 2017.  Another attorney, not Lloyd, filed the

case.  On April 20, 2017, a secured creditor filed a motion to appoint a chapter 11 trustee.  Mack

then hired Lloyd to assist it and their original counsel.  On May 3, 2017, a few days after he was

retained by Mack, Lloyd filed a response to the motion to appoint a chapter 11 trustee in which

2

Mack consented to that appointment.  The response disputed some of the specific allegations in

the motion but admitted that substantial payments had been made to insiders during the year prior

to the petition date and that Mack, as debtor in possession, would be in a "difficult position" with

respect to those preferential payments.  The court granted the motion to appoint a trustee the next

day.  An order approving Peterson as the chapter 11 trustee was entered on May 11.  Peterson

then filed a chapter 7 case for Mack Industries II, LLC and moved to convert Mack to chapter 7.

That motion was granted on June 1.  On May 31, 2017, creditors filed an involuntary chapter 11

petition against Oak Park.  Lloyd filed a consent to entry of the order for relief on behalf of Oak

Park on June 28, 2017.  He then filed a motion to convert the case to chapter 7, which was

granted.  In the months that followed, Peterson filed chapter 7 cases for affiliates Mack Industries

III, LLC, Mack Industries IV, LLC, Mack Industries V, LLC and Mack Industries VI, LLC.  All

of these cases are being jointly administered.


2.    <u>Motions to Disqualify</u>

    In March 2019, the trustee filed 440 almost identical adversary proceedings against non-

insiders.  Lloyd filed a motion to obtain the names and addresses of the defendants in all of the

adversary complaints so that he could send them marketing materials in an effort to represent a

group of defendants with a cost savings to all.  The trustee opposed the motion but the court, in

effect, granted the relief sought.  After Lloyd began representing defendants in 47 of the

adversary proceedings, the trustee filed motions to disqualify him in each of them.  All the

motions are identical.  The parties agreed to file briefs in only one adversary proceeding -

Peterson v. Elia Sanches, 19 AP 00154.  Lloyd has since appeared in more adversaries – 52 as of

mid-July.  This decision applies to all adversary proceedings in which Lloyd has appeared or will

appear.

The trustee argues that Lloyd must be disqualified because he is breaching his duties to

the bankruptcy estates owed under the Bankruptcy Code and the court's rules of professional

conduct by representing parties who are adverse to the trustee.  He contends that Lloyd's breach

of these duties is serious enough to warrant disqualification.


3.      Standard on Motion to Disqualify

The trustee must establish two elements to prevail on a motion to disqualify.  First, he

must show there is an ethical violation.  Second, if he establishes such a violation, he must

demonstrate that the remedy of disqualification is appropriate. *See, e.g., Guillen v. City of

Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997).

The trustee acknowledges that disqualification is a drastic remedy that should rarely be

employed.  As the Seventh Circuit has repeatedly held:

> We have observed that granting a motion for disqualification has "immediate, severe, and
> often irreparable ... consequences" for the party and the disqualified attorney. . . .
> Disqualifying a lawyer immediately deprives the losing party from the "representation of
> his choice" and disrupts the litigation. . . .  In sum, "disqualification, as a prophylactic
> device for protecting the attorney-client relationship, is a drastic measure which courts
> should hesitate to impose except when absolutely necessary . . . [because it] destroy[s] a
> relationship by depriving a party of representation of their own choosing.

*Watkins v. Trans Union, LLC*, 869 F.3d 514, 518-19 (7th Cir. 2017) (citations omitted).  Trial

courts are granted broad discretion to determine whether disqualification is required in a

particular case.  *Watkins*, 869 F.3d at 518; *In re Allboro Waterproofing Corp.*, 224 B.R. 286, 294

(Bankr. E.D.N.Y. 1998) (concluding that disqualification was not appropriate after conducting a

"painstaking analysis of the facts").  The moving party bears a heavy burden to show facts warranting disqualification.  *See, e.g., Allboro*, 224 B.R. at 294; *Guillen*, 956 F. Supp. at 1421.

4.      Duties Owed by Chapter 7 Debtors and Their Counsel:

The trustee's motions hinge on his assertion that Lloyd owes duties to the bankruptcy estate.  The trustee asserts that Mack and Oak Park, as chapter 7 debtors, owe the bankruptcy estate a statutory duty to "assist" the trustee.  He also contends that Lloyd, as chapter 7 debtors' counsel, owes the same statutory duty as well as a duty of loyalty to the estate.  The trustee argues that Lloyd is breaching both duties to the estate by representing defendants in the adversary proceedings.  This is not correct.  The debtors owe certain statutory duties under the Bankruptcy Code.  Lloyd owes his client the standard duties owed by a lawyer to his client, including the duty of loyalty.  But Lloyd does not owe any direct duty to the estate and he owes a duty of loyalty solely to his clients - the debtors, not the bankruptcy estate.

The only duties owed by a chapter 7 debtor are created by the Bankruptcy Code.  Section 521 imposes various duties on chapter 7 debtors, including the duty to cooperate and to provide records.  These sections provide:

(a)      The debtor shall -

(3)      if a trustee is serving in a case . . . cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

(4)      if a trustee is serving in a case . . . surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate . . . .

11 U.S.C. § 521(a)(3), (4).   Thus, a chapter 7 debtor must cooperate with the trustee in

5

performing his duties. *See, e.g., Houghton v. Morey (In re Morey)*, 416 B.R. 364, 366-67 (Bankr. D. Mass. 2009). This includes turning over documents and information to the trustee. *See e.g. In re Cambridge Analytica LLC*, 596 B.R. 1 (Bankr. S.D.N.Y. 2019); *In re Paige*, 365 B.R. 632 (Bankr. N.D. Tex. 2007); *In re Wallace*, 249 B.R. 677 (Bankr. W.D. Va. 2000); *In re Bianco*, 5 B.R. 466 (Bankr. D. Mass. 1980). The required level of cooperation is not limitless, however; the trustee's requests must be reasonable. *Cambridge Analytica LLC*, 596 B.R. at 8.

While the Bankruptcy Code imposes these statutory duties on chapter 7 debtors, it imposes no similar duties on their counsel. No mention is made of debtors' counsel anywhere in § 521. Instead, the duties owed by a chapter 7 debtor's counsel are governed by the court's rules of professional conduct. Counsel for a chapter 7 debtor has only one client to whom he owes the duty of undivided loyalty - the debtor. *See, e.g., Doe v. Nielsen*, 883 F.3d 716, 719 (7th Cir. 2018) (noting that an attorney owes his client an undivided duty of loyalty); *Oakland Police and Fire Retirement System v. Mayer Brown, LLP*, 861 F.2d 644, 651-52 (7th Cir. 2017) (recognizing the general rule that an attorney owes professional duties only to the attorney's client, not to third parties). The debtor hires the lawyer and pays him. The lawyer represents only the debtor, not the trustee or the bankruptcy estate. Indeed, trustees always hire their own counsel instead of using debtor's counsel because the trustees needs counsel who are dedicated fully to their interests, not the debtor's interests.[3] A chapter 7 debtor's counsel owes the debtor the duty to advise him of his statutory duties and help him perform those duties to the extent possible. But

---

[3]The court must approve employment of counsel for a trustee in chapter 7 and chapter 11 cases, and counsel for a chapter 11 debtor in possession. These counsel must file fee applications that the court must approve and they are paid from the estate. 11 U.S.C. §§ 327(a), 328(a), 330(a). Chapter 7 debtors' counsel are not approved by the court and are not paid from property of the estate.

6

the debtor's counsel owes all of his duties solely to his client, not the bankruptcy estate. *See, e.g., Dershaw v. Ciarci (In re Rite Way Electric, Inc.)*, 510 B.R. 471 (Bankr. E.D. Pa. 2014) (holding that chapter 7 debtor's attorney, unlike attorney for a chapter 11 debtor in possession, does not owe a fiduciary duty to the bankruptcy estate); *Morey*, 416 B.R. at 367 ("the only duty which counsel for the [chapter 7] debtor assumes is to his or her client").

The trustee argues repeatedly that Lloyd owes the bankruptcy estate a duty of loyalty. The trustee never explains why a chapter 7 debtor's lawyer owes a duty of loyalty to the estate instead of the debtor. The trustee cites, in various other contexts, some cases that state that a chapter 7 debtor and his attorney owe a fiduciary duty to the bankruptcy estate. *E.g., Agresti v. Rosenkranz (In re United Utensils Corp.)*, 141 B.R. 306, 309 (Bankr. W.D. Pa. 1992); *Paloian v. Greenfield, et al. (In re Restaurant Devel. Group, Inc.)*, 402 B.R. 282, 287 (Bankr. N.D. Ill. 2009). The court assumes the trustee contends that the duty of loyalty arises from the supposed fiduciary duty owed by chapter 7 debtors and their counsel to the bankruptcy estate, since no other source of a duty of loyalty to the estate is apparent.

Neither chapter 7 debtors nor their counsel, however, owe a fiduciary duty to the bankruptcy estate. The cases stating that they owe such a duty contain no analysis of the issue and are not persuasive. They fail to identify the source of any such fiduciary duty. They rely without explanation on cases involving chapter 11 debtors in possession and thus fail to recognize the many important distinctions between a chapter 11 debtor in possession and a chapter 7 debtor.

Both *Agresti* and *Paloian* cite *In re Wolf v. Weinstein*, 372 U.S. 633 (1963), to support their assertion that a chapter 7 debtor and its attorney owe a fiduciary duty to creditors and the

7

estate.  The *Weinstein* court held no such thing and the decision does not support this conclusion.

*Weinstein* involved a corporate reorganization under the old Bankruptcy Act in which a debtor in possession was exercising the rights of a trustee.  The Court held that the president and the manager of the corporation, who had been approved by the district court to run the debtor, owed a fiduciary duty to creditors, just as a trustee would if the debtor were out of possession.  *Id*. at 649-50.  The court noted that leaving a debtor in possession was designed to eliminate the need to appoint a trustee for every corporation trying to reorganize when it appeared capable of carrying on the business during the proceeding.  The Court explained:

> But so long as the Debtor remains in possession it is clear that the corporation bears essentially the same fiduciary obligation to the creditors as does the trustee for the Debtor out of possession.  Moreover, the duties which the corporate Debtor in possession must perform during the proceeding are substantially those imposed upon the trustee.

*Id.*  Thus, the Court recognized that a debtor in possession owes a fiduciary duty to creditors because it takes over the functions of a trustee while it is in possession.

The Court reiterated this point in a later case decided under the Bankruptcy Code, *Commodity Futures Trading Commission v. Weintraub, et al.*, 471 U.S. 343 (1985).  The *Weintraub* Court explained that "the willingness of courts to leave debtors in possession 'is premised upon the assurance that the officers and managing employees can be depended upon *to carry out the fiduciary responsibilities of a trustee*.'"  *Id*. at 355, quoting *Wolf v. Weinstein*, 372 U.S. at 651 (emphasis added).  The Court thus recognized again that the fiduciary duty owed by a chapter 11 debtor in possession arises from it taking on the fiduciary responsibilities of a trustee.

The Bankruptcy Code authorizes only a chapter 11 debtor in possession to perform the functions of a trustee.  Section 1107(a) authorizes a debtor in possession to exercise almost all

8

the rights, powers, functions, and duties of a trustee.  11 U.S.C. § 1107(a).  It is this exercise of

the trustee's duties that imposes the trustee's fiduciary duty on the debtor in possession.  Once a

chapter 11 trustee is appointed, the chapter 11 debtor is out of possession and can no longer

exercise the rights and duties of a trustee that give rise to the fiduciary duty.  Thus, once a trustee

is appointed in a chapter 11, all the rights and obligations -- including the fiduciary duty to

creditors -- shift from the debtor in possession to the trustee, leaving the debtor with only its

statutory responsibilities under the Code.

There is no equivalent to § 1107(a) for chapter 7 debtors.  Indeed, it is beyond doubt that

chapter 7 debtors cannot exercise the rights or duties of a chapter 7 trustee under the Bankruptcy

Code.[4]  They therefore do not owe the fiduciary duty to the estate that goes along with those

powers.  Thus, neither *Wolf* nor *Weintraub* support the proposition that chapter 7 debtors owe a

fiduciary duty to the estate.[5]

In fact, the Supreme Court's decisions support the opposite conclusion.  As the Court

---

[4]In fact, chapter 7 debtors lack standing to raise many issues in chapter 7 cases unless
there will be surplus estate, in which all creditors and the trustee are paid in full and money is left
to be returned to the debtor.  *See, e.g., In re Andreuccetti*, 975 F.2d 413, 417 (7th Cir. 1992)
(debtors had standing to appeal only because of the possibility of a surplus);  *In re Rybka*, 339
B.R. 464, 467 (Bankr. N.D. Ill. 2006) (debtors lack standing to object to fee applications unless
there will be a surplus estate giving them a pecuniary interest in the matter); *In re Drost*, 228
B.R. 208, 210 (Bankr. N.D. Ind. 1998) (debtor lacks standing to object to trustee's proposed
disposition of an asset unless there will be a surplus estate and he will be adversely affected by
the proposed disposition).  Surplus chapter 7 estates are rare.

[5]*Agresti* cited two other cases in addition to *Wolf v. Weinstein* but they both involved
chapter 11 debtors in possession, not chapter 7 debtors.  144 B.R. at 309.  *Paloian* cites *Agresti*
and *Wolf*.  401 B.R. at 287.  Another case cited by the trustee, *Kohut v. Lenaway (In re Lennys
Copy Ctr & More LLC)*, 515 B.R. 562, 564-65 (Bankr. E.D. Mich. 2014) cites *Paloian* and a case
that does not hold that a chapter 7  debtor or its attorney owe a fiduciary duty to the estate.  None
of these courts explained why a chapter 7 debtor or its attorney owe a fiduciary duty to the estate.

9

explained in *Weintraub*, the trustee in a chapter 7 case represents the bankruptcy estate, which is created under § 541(a). 471 U.S. at 352. He has broad powers to act on behalf of the estate:

> The powers and duties of a trustee are extensive. Upon the commencement of a case in bankruptcy, all corporate property passes to an estate represented by the trustee 11 U.S.C. § 323, 541. The trustee is 'accountable for all property received,' §§ 704(2), 11069a)(1), and has the duty to maximize the value of the estate, see § 704(1).

*Id*. The Court contrasted these duties of a trustee with those of a debtor:

> In contrast, the powers of a debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. §§ 521, 343. Congress contemplated that when a trustee is appointed, he assumed control of the business, and the debtor's directors are 'completely ousted."

*Id.* at 352 (citations omitted). Thus, the Court recognized that when a trustee is in place, he exercises all the rights and responsibilities given to him under the Code while the debtor's responsibilities are limited to those enumerated in § 521. The trustee is in control of the estate and therefore owes a fiduciary duty to the estate and creditors. *See, e.g., DiStefano v. Stern*, 223 B.R. at 625 (chapter 7 trustee owes fiduciary duty to estate and creditors). Only the chapter 7 trustee has the right to bring actions to avoid preferential and fraudulent transfers under §§ 544, 547, 548, and 550 of the Bankruptcy Code, like the adversary proceedings at issue here. Chapter 7 debtors have no right to bring such actions and, in fact, are often sued by trustees. The trustee and a chapter 7 debtor have different interests that are sometimes diametrically opposed.

A chapter 7 debtor may assert his own interest on any issue involving a conflict with the trustee without violating any statutory or other duty to the estate. The debtor's lawyer may likewise assist the debtor in those endeavors opposing the trustee without violating any statutory or other duty. For example, the debtor may assert exemptions and otherwise argue that assets are

not part of the bankruptcy estate.  The trustee may object to those exemptions and seek turnover

of assets he believes belong to the estate.  The trustee can sue the debtor for fraudulent transfers

and many other kinds of transfers under chapter 5 of the Bankruptcy Code.  The debtor and his

counsel have every right to oppose those efforts without violating the debtor's statutory duty.

The trustee can also move to dismiss on various grounds under § 707 and may seek to deny the

debtor a discharge under § 727.  The debtor's lawyer is bound to represent the debtor's interests,

not the trustees's or the estate's interest, in these matters.  Nothing in the Bankruptcy Code or the

rules of professional conduct suggests otherwise.  If the trustee were correct that a chapter 7

debtor's lawyer owed the estate a duty of loyalty, the lawyere could not represent his actual

client's interest on many significant issues that frequently arise in chapter 7 cases.  Obviously

that is not the case.  A chapter 7 debtor's lawyer does not owe a duty of loyalty to the bankruptcy

estate.

This issue of undivided loyalty to a client is more complicated when a chapter 7 debtor is

a corporation.  As the *Weintraub* court explained, the trustee of a corporate chapter 7 debtor takes

the place of previous management and controls the corporation.  The corporation continues to

exist after the petition is filed.  The trustee can choose to operate the corporation in appropriate

circumstances but usually the corporation has already ceased to operate or the trustee shuts down

operations when he takes control.

The trustee is also in control of the attorney-client relationships of the corporation as the

manager of the corporation.  The *Weintraub* court held that the chapter 7 trustee, not

management of a chapter 7 corporate debtor, is in charge of any assertion or waiver of the

attorney-client privilege by the corporate debtor.  471 U.S. at 355-57.  In that case, management

of the chapter 7 debtor sought to keep privileged material from the CFTC, which was investigating the debtor and its principals. The Court concluded that the trustee replaced current management of the corporation and controlled the privilege. This conclusion did not, however, turn the debtor's lawyers into the trustee's lawyers or the estate's lawyers. They had no obligation to work directly for the trustee or the bankruptcy estate and owed them no direct duty. But previous management of the corporation was no longer in control of the disclosure of materials protected by the corporation's attorney-client privilege.

Here, the trustee has full access to all matters protected by the debtors' attorney-client privilege. But this does not transform Lloyd into counsel for the trustee or the bankruptcy estate. Instead, he remains counsel for the debtors, which the trustee controls in his capacity as manager of the corporation, and he owes duties only to the debtors, not the estate. This may sound like a distinction without a difference but it is not; it does matter that chapter 7 debtors' counsel owe no direct duty to the trustee or the estate.

This is because only a chapter 7 trustee has standing to bring chapter 5 causes of action like the preference and fraudulent transfer claims alleged in these adversary proceedings. The trustee is not acting in his capacity as manager of the debtor when he brings these actions because chapter 7 debtors have no standing to bring them. Sections 544, 547, 548, and 550 permit only a trustee (or a chapter 11 debtor in possession asserting the rights of a trustee under § 1107(a)) to assert these claims. The only possible role of a chapter 7 debtor with respect to these causes of action arises from the debtor's statutory duty to cooperate and produce records. The only possible role of a chapter 7 debtor's attorney with respect to these causes of action is to assist the debtor in performing these statutory duties.

12

Lloyd, therefore, owes the trustee and the estate no direct duties regarding the preference and fraudulent transfer actions that could preclude him from representing the defendants in the adversary proceedings. This does not, however, resolve the conflict issue. Lloyd currently represents two of the chapter 7 debtors as well as defendants in 52 adversary proceedings. The court must determine whether these concurrent representations are permissible under the court's rules of professional conduct for attorneys.

5.    Applicable Rules of Professional Responsibility

Rule 9029-4A of the Local Rules of the Bankruptcy Court for the Northern District of Illinois provides that the rules of professional conduct that apply in cases before the District Court for the Northern District of Illinois apply in cases and proceedings in the bankruptcy court.[6] The district court has adopted the ABA Model Rules of Professional Responsibility through its Local Rule 83.50.1.

6.    Attorneys Representing Clients Concurrently

Rule 1.7 of the ABA Model Rules governs concurrent representation of clients. It provides:

> a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

---

[6]There is one exception that is not relevant here.

13

Model Rules of Prof'l Conduct R. 1.7 (2018).

Here, though Lloyd owes no direct duty to the trustee or the estate regarding the claims in the adversary proceedings, he owes a duty to the debtors to assist them in cooperating with the trustee. He also owes a duty to assist the debtors if the trustee requests corporate records from them that are relevant to the adversary proceedings. The debtors say they have given the trustee all of the corporate books and records but the trustee could request additional information from the debtors during the course of the adversary proceedings. Lloyd would then have a duty to assist the debtors in attempting to comply with those requests even if it would be against the interests of his clients in the adversary proceedings to do so. There is at least some risk that Lloyd will have to assist the debtors in a way that could be adverse to the interests of his clients in the adversary proceedings.

At a hearing on the motion, the court mentioned this potential conflict to Lloyd and that one way to avoid it would be for him to withdraw as counsel for the debtors. Lloyd stated that he would withdraw immediately if necessary to continue the representation of the adversary proceeding clients. Assuming that Lloyd withdraws from representing Mack and Oak Park as soon as possible, there will be no potential conflict between current clients that could form the basis for disqualifying him from representing the adversary defendants based on Rule 1.7.

7.    <u>Representing Client Adverse to Former Client</u>

The trustee argues that Lloyd cannot fix the "problem" by merely withdrawing from his representation of the debtors. He contends that Lloyd is prohibited by the rules of professional conduct from representing the adversary defendants because the issues are substantially related to

his representation of the debtors.  He refers to Rule 1.9 of the ABA Model Rules but he never

quotes or applies it and he cites authority that the Seventh Circuit has expressly rejected.

Rule 1.9 provides, in relevant part, as follows:

> (a)   A lawyer who has formerly represented a client in a matter shall not
> thereafter represent another person in the same or a substantially related matter in which
> that person's interests are materially adverse to the interest of the former client unless the
> former client give informed consent, confirmed in writing.

Model Rules of Prof'l Conduct R. 1.9 (2018).

This rule does not preclude Lloyd from representing the adversary defendants for at least

two reasons:  (1) the trustee and the estate are not Lloyd's former client so the rule does not

apply, and (2) the test for "substantially related" matters is not met in any event.

First, only the trustee is the plaintiff in these adversaries; neither Mack nor Oak Park are

parties.  As discussed above, only the trustee can bring these actions and he does so as trustee for

the benefit of the bankruptcy estate, not on behalf of the debtors.  Lloyd owed no duties to the

estate or the trustee; he owed duties only to the debtors.  He is not in any way "switching sides" -

the fundamental concern behind this rule - by going from representing the estate to representing a

party who is adverse to the estate on the same issue.  Lloyd's soon-to-be former representation of

two debtors is not a former representation of the trustee or the estate so Rule 1.9 does not apply.[7]

---

[7]Lloyd represented Mack for a few days while it was a debtor in possession and filed the
consent to the appointment of a trustee.  The motion to appoint a trustee was granted the next
day.  Lloyd's employment as an attorney for the debtor in possession was not approved by the
court and he does not seek payment for his services from the estate.  His role at the time was
limited to determining the appropriate response to the motion to appoint a trustee.  He never
performed the sweeping duties usually expected of counsel for a chapter 11 debtor in possession.
The court has not, therefore, considered him to have represented the debtor in possession for
purposes of creating a fiduciary duty to the estate.  Even if that conclusion is incorrect, Lloyd
would not violate Rule 1.9 in any event because the matters are not substantially related, as
discussed above.

Second, the rule would not bar Lloyd's representation of adversary proceeding defendants even if his brief representation of Mack in chapter 11 is considered a representation of the estate because the matters are not substantially related for purposes of Rule 1.9. As the Seventh Circuit has held, two matters are "substantially related" under Rule 1.9 when (1) the two matters involve the same transaction or legal dispute, or (2) when there is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. *Watkins*, 869 F.3d at 519-20.

Under the first test for "substantially related," to be involved in the same transaction, the lawyer must have had a direct involvement in the specific transaction that is the subject of the subsequent representation. *Id*. This test is not met here. Lloyd did not represent either debtor pre-petition when the transactions that are the subjects of the adversary proceedings took place. Lloyd also had no involvement in anything relating to preference claims or the types of non-insider fraudulent transfer claims asserted by the trustee when he was counsel for Mack for a few days when it was a chapter 11 debtor in possession.

Regarding the second test for "substantially related," the Seventh Circuit discussed this test at length in *Watkins*. It focuses on whether there is a substantial risk that the lawyer will use confidential information obtained in the previous relationship to materially advance the new client's interests. *Id*. at 522. Under this standard, even a lawyer who repeatedly handled a specific type of problem for a former client "is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client." *Id*. at 510 (citation omitted). In addition, information disclosed to the public or to other parties adverse to the former client ordinarily will

16

not be disqualifying.  *Id.*  This includes any information that can be obtained in discovery from

the former client.  *Id*.  Thus, an attorney will not be disqualified when he had access to

information relevant to the current litigation when that information is discoverable in litigation.

Similarly, general knowledge of a client's policies and practices ordinarily will not preclude a

subsequent representation.  *Id*.  Applying these principles, the *Watkins* court refused to disqualify

a lawyer who was suing a client he had previously represented for five years on the exact type of

issue involved in the new lawsuit.

　　Here, even assuming that the bankruptcy estate is Lloyd's former client, the "substantial

relationship" test is not met.  In light of the nature of the claims in the adversaries, it is hard to

conceive of any confidential information that could potentially be relevant to the trustee's claims

against the adversary defendants.  The preference actions hinge upon the amounts paid within the

90-day preference period, when goods or services were provided to the debtors, the payment

history between the parties, and what the defendants will receive in a chapter 7 liquidation.

Information relevant to all of these issues is discoverable.  They should be business records that

cannot be shielded from discovery by the attorney-client privilege.

　　Similarly, the fraudulent transfer claims, none of which are against insiders, all raise

questions about which debtor received a benefit from the defendants versus which debtor paid

the defendants.  Again, there seems to be no potential that confidential information relevant to

these issues exists, let alone confidential information to which Lloyd had access and could use

against the trustee.

　　 The trustee has presented no factual basis for concluding that Lloyd obtained confidential

factual information that is not discoverable and would materially advance his clients' interests

against the trustee.  He asserts that Lloyd must have received confidential information from the

debtors as he met with their principals, appeared in court, prepared and filed schedules, etc.  But

the trustee could not specify even one topic on which there might be confidential information to

which Lloyd might have had access that could possibly relate to these cases.  Instead, the trustee

argues that there is an irrebuttable presumption that Lloyd obtained confidential information from

his representation of the debtor.  For this argument, he cited only *Analytica Inc. v. NPD Research

Inc.,* 708 F.2d 1263, 1266 (7th Cir. 1983), a case that the Seventh Circuit has held does not apply

to Rule 1.9.

The *Watkins* court explained that the ABA Model Rules substantially revised some of the

previous ethical rules, noting that  "[s]ome of the Model Rules, including Rule 1.9, explicitly

rejected the old canons."  *Id.* at 520.  It observed that Rule 1.9 "clarified and narrowed the

contours of an older federal common-law rule for attorney disqualification referred to as the

'substantial relationship' test."  *Id.* at 520.  The court stated that Rule 1.9 abandoned the previous

standard under which it was irrelevant whether the lawyer actually received any confidential

information during his employment if the attorney "might" have acquired such information.  *Id.*

at 524.  It held that cases applying the old substantial relationship test, including *Analytica*, do

not apply to Rule 1.9.  *Id.* at 520, 523-24.  Thus, contrary to the Trustee's argument, there is no

presumption at all, let alone an irrebuttable presumption, that Lloyd obtained confidential

information relevant to the adversaries.  The trustee has failed to present any factual basis for

concluding that there is any risk that Lloyd obtained confidential information relevant to the

adversary proceedings that he can use against the trustee.

Lloyd, on the other hand, states that he received no special knowledge relevant to the

adversary proceedings while representing Mack and Oak Park.  The trustee has provided no basis

for questioning this assertion, which is not surprising in light of the history of the cases.  As

noted above, within a few days of Lloyd taking on representation of Mack, the motion to appoint

the chapter 11 trustee was granted.  This changed everything.  Mack was no longer in control of

the case or its assets.  Mack and its counsel then had very limited roles, even for the short time

that the case was still in chapter 11.  Once the case was converted to chapter 7 a few weeks later,

the debtors' only roles were to perform the duties required under § 521.  Those duties did not

include pursuing avoidance actions.  There is no reason for Lloyd to have focused on any issue

relevant to the adversary proceedings and no basis to believe that there is any confidential

information relevant to them that is not discoverable in any event.[8]

The trustee cites no cases besides the discarded *Analytica* to support his argument that

Lloyd cannot represent the adversary defendants even if he withdraws from representation of the

debtors.  One of the cases he cites for another argument, though, *Schechter v. Drobny (In re

Columbia Realty Assoc., Ltd.),* 71 B.R 804 (Bankr. N.D. Ill. 1987), addresses whether a law firm

that formerly represented a chapter 11 debtor could represent a defendant in an adversary

proceeding filed by a trustee after the case converted to chapter 7.  That case does not support the

---

[8]The trustee also argues that Lloyd "acknowledged that he received confidential
information" because in responses to post-conversion discovery, Lloyd asserted the attorney-
client privilege with respect to some documents.  The trustee refers to Lloyd's supplemental
response to the document request, which Lloyd attached as an exhibit to his response to the
motion to disqualify as evidence that the trustee had waived any privilege related to the case.
Lloyd apparently felt compelled to assert the attorney-client privilege with respect to written
responses he was providing until the trustee formally waived the privilege regarding Mack.  After
the trustee waived the privilege on behalf of the debtors, Lloyd apparently provided the
additional response attached to his response to the motion to disqualify. This response by Lloyd
in no way establishes that Lloyd has any privileged or confidential information related to the
adversary complaints.

trustee's argument.

In *Drobny,* two lawyers represented a partnership for a period of time after it filed a chapter 11 case. They withdrew from the case before it was converted to chapter 7. The chapter 7 trustee then sued two limited partners of the debtor, alleging that they acted as general partners and should be held personally liable for all the debts of the partnership. The lawyers who had represented the chapter 11 debtor joined a large firm after they withdrew. Another lawyer in the same large firm was representing the defendants in the adversary proceeding. The trustee sought to disqualify the lawyers representing the defendants based on his new partners' prior representation of the chapter 11 debtor.

The bankruptcy court applied the substantial relationship test in *LaSalle Nat. Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir 1983). *LaSalle* is one of the cases that the *Watkins* identified (along with *Analytica*) as applying the outmoded test that was rejected in Model Rule 1.9. *Watkins*, 869 F.3d at 523-24. Thus, though *Drobny* would have no binding effect on this court in any event, it applied a much stricter standard that no longer applies. The facts in *Drobny* also presented a much more compelling basis for finding a conflict than this case. The court concluded that, given the broad scope of the representation by the chapter 11 lawyer, it was likely that the lawyers had confidential information about the extent of the involvement of the limited partners in the operation of the partnership, the central issue in the adversary proceeding. Here, Lloyd represented the debtor for only a few days before the chapter 11 trustee was appointed. He had no involvement with issues regarding preferences or the type of fraudulent transfer claims at issue in these adversary proceedings. Thus, the *Drobny* decision would not support disqualification in this case in any event.

20

The trustee also generally relies on *Waldschmidt v. Compcare Health Services Ins. Corp.,
(In re Peck Foods)*, 196 B.R. 434 (Bankr. E.D. Wis. 1996).  In *Compcare*, the court held that an
attorney in the same firm as an attorney who had represented a chapter 11 debtor could not
represent a debtor in a preference action against the trustee.  The other attorney had represented
the debtor for 8 months before it filed for bankruptcy and during the eight months it was in a
chapter 11 case before it was converted to chapter 7.  The court found there was a substantial
relationship between the firm's representation of the chapter 11 debtor and the preference
defendant.  The court stated that even though the chapter 11 lawyer had not performed an
analysis of potential preference actions, he "should have" because both a chapter 11 debtor in
possession and a chapter 7 trustee are "responsible for recovery of preferences."  *Id.* at 440.  The
court found it irrelevant that the attorney did not actually examine possible preferences and did
not consider whether the attorney had received any confidential or privileged information
relevant to preference actions. The court thus applied the standard specifically rejected by Rule
1.9 and ordered disqualification without identifying any confidential information that would be
relevant to preference claims.  It is not persuasive.

None of the other cases cited by the trustee is controlling or persuasive either.  *Parker v.
Frazier (In re Freedom Solar Center, Inc.*), 776 F.2d 14 (1st Cir. 1985), involved concurrent
representation and did not apply the updated Model ABA Rules.  It also involved a lawyer trying
to represent the principal of the debtor who was trying to purchase the assets of the debtor while
also representing the debtor, a much more complex situation than presented here.  *Paloian v.
Greenfield, et al. (In re Restaurant Devel. Group, Inc.)*, 402 B.R. 282 (Bankr. N.D. Ill. 2009),
incorrectly stated that a chapter 7 debtor and its lawyer owe a fiduciary duty to the estate.  The

21

case involved the concurrent representation of a chapter 7 debtor corporation and the principals

of the debtor who were defendants in an adversary proceeding.  The court never concluded that a

conflict of interest existed and it ultimately held that disqualification was not appropriate.  None

of the cases cited by the trustee provides a persuasive basis for concluding that Lloyd violates

Rule 1.9 in representing the adversary proceeding defendants.

The trustee has failed to establish that there is any risk, let alone a substantial risk, that

confidential factual information as would normally have been obtained in Lloyd's prior

representation of the two debtors would materially advance the defendants' positions in the

adversary proceedings.  He has therefore failed to establish that Lloyd violates Rule 1.9 by

representing defendants in the adversary proceedings.


8.     <u>No Basis for Disqualification</u>

The trustee has failed to meet his burden of proving the first element for disqualification

– an ethical violation.  The court therefore need not address the second element for

disqualification – whether it is appropriate in all the facts and circumstances of the case.  The

court nonetheless notes that Lloyd's representation of a large number of defendants at low cost to

them provides an important counterweight to the enormous power wielded by chapter 7 trustees,

particularly when they file large numbers of "cookie cutter" adversaries like these at the last

minute before a statute of limitations expires.

The adversary complaints are virtually identical.  Though each complaint names a

different defendant, a different amount of alleged transfer(s), and contains an attachment

identifying the date and amount of alleged preferential payment(s), the complaints otherwise all

say the same thing, almost word for word.  While it remains to be seen whether the allegations

are sufficient to withstand motions to dismiss filed by various defendants, particularly with

respect to the fraudulent transfer claims, it is clear that the trustee launched these adversaries

with very little in the way of facts specific to the defendants.  The lack of detail makes it harder

for defendants to defend themselves and persuade the trustee that the cases have no merit.  The

cost of hiring a lawyer to defend against such a complaint can be high.  An experienced lawyer

charging at a typical hourly rate in this district could soon spend more in attorneys' fees

investigating the facts and attempting to negotiate with the trustee than the amount sought by the

trustee.  This makes it very hard for defendants with valid defenses to present them in a cost-

effective way.[9]  Trustees can therefore force settlements from parties who should not be paying

anything.  Lawyers like Lloyd providing representation to a group of defendants at a low cost

help reduce the potential for unfair results.  If the court had found an ethical violation, this factor

would weigh significantly against disqualification.


9.    Conclusion

The trustee has failed to demonstrate an ethical violation under Rule 1.7 or Rule 1.9.

The motions to disqualify will be denied.


ENTERED:

Dated: August 14, 2019

_____
Carol A. Doyle
United States Bankruptcy Judge

---

[9]Some of the complaints against Lloyd's clients seek as little as $6,600.

23

**Exhibit 1**

| Case No. | Defendant(s) |
|---|---|
| 19-ap-00154 | Elia Sanches |
| 19-ap-00166 | Chad Wilkins d/b/a WilkinsSons Construction |
| 19-ap-00169 | Ismael Davila |
| 19-ap-00174 | Flores Construction Services, Inc. |
| 19-ap-00175 | Victor M. Gutierrez |
| 19-ap-00182 | David Barker and Blue Sky Investments, LLC |
| 19-ap-00186 | Gordon Knipe |
| 19-ap-00200 | Karen Butler d/b/a Homes Plus |
| 19-ap-00213 | Nasser Murad |
| 19-ap-00215 | Daniel Paparelli |
| 19-ap-00232 | Carl Craigmile and Maureen Craigmile |
| 19-ap-00271 | Ann Heitner |
| 19-ap-00277 | Leonetta R. White |
| 19-ap-00311 | Scott Fries and Traci Fries |
| 19-ap-00367 | Juan Francisco Flores Jimenez |
| 19-ap-00406 | Ryan Flynn and Nucleus Property, LLC |
| 19-ap-00408 | Mauricio Ganem Morales, Ganem Properties, LLC, Ganem Properties, LLC-Series 1326 East 72nd Street, Ganem Properties LLC, Series 270 Madison, Ganem Properties LLC, Series 513 Green Bay, Ganem Properties LLC, Series 7311 S. Phillips and Ganem Properties LLC-Series 7641 South Green |
| 19-ap-00439 | AFG Properties LLC and Alberto Fernandez |
| 19-ap-00446 | Balladares Construction and Simon Balladares |
| 19-ap-00450 | Ideal Custom Designs Inc. |
| 19-ap-00458 | Todd Irmen |
| 19-ap-00462 | J. Briseno Landscaping |
| 19-ap-00468 | G Konley Services Inc. |
| 19-ap-00473 | Ken's Water Systems, Inc. |
| 19-ap-00477 | Consola Construction Inc. |
| 19-ap-00479 | Construction Development Strategies Corp. |
| 19-ap-00498 | The PJC Group LLC and David Conaghan |
| 19-ap-00514 | Statements in Stone Inc. |
| 19-ap-00515 | Strimel Construction and Project Management Services Inc. and Strimel Home Improvements |
| 19-ap-00519 | Tex-Mex Construction and Carlos Tamez |
| 19-ap-00525 | DDT Home Transformations LLC |
| 19-ap-00528 | Dream Home Estates Inc. |
| 19-ap-00538 | Alberto Fernandez |
| 19-ap-00547 | The Granite & Marble Depot Inc. |
| 19-ap-00554 | Patrick Morley |
| 19-ap-00567 | James McInerney |